**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11208
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY V. GONZALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-221-ALL
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Anthony V. Gonzales entered a conditional guilty plea to the indictment charging him with being a felony in possession of firearms. Gonzales preserved his right to appeal the denial of his motion to suppress. Gonzales argues that the district court erred when it denied his motion to suppress his statements and all evidence discovered in the search of the home of his girlfriend, Xochita Oliveras. Gonzales argues that, following his arrest, the initial entry into the house was illegal and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Oliveras's subsequent consent to a search of the house did not remove the taint of the illegal entry.

This court reviews the district court's denial of a motion to suppress in the light most favorable to the prevailing party, which in this case is the Government. United States v. Mendoza-Gonzalez, 318 F.3d 663, 666 (5th Cir.), cert. denied, 538 U.S. 1049 (2003). Legal conclusions are reviewed de novo, and factual findings are reviewed for clear error. Id.

It is not necessary to determine whether the initial entry was valid under the Fourth Amendment because subsequent, voluntary consent to a search may remove the taint of the prior Fourth Amendment violation. United States v. Richard, 994 F.2d 244, 250-52 (5th Cir. 1993). The district court's findings that Oliveras's consent to the search of her home was voluntary is unequivocal. "The voluntariness of consent is a question of fact." United States v. Solis, 299 F.3d 420, 436 (5th Cir. 2002). On appeal, Gonzales addresses none of the Solis factors to be considered in addressing the voluntariness of consent but simply asserts without support that the consent is necessarily invalid as fruit of the poisonous tree. This is not sufficient to show that the district court was clearly erroneous in its factual finding that Oliveras's consent to search was given freely and was not the result of an compulsion or intimidation.

AFFIRMED.